UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOUDINI GRAHAM,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:15-cv-05048-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On November 18, 2009, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications he became disabled beginning November 19, 2009. *See* Dkt. 13, Administrative Record ("AR") 15D. Both applications were denied upon initial administrative review on July 29, 2010 and on reconsideration on February 13, 2011. *See id.* A hearing was held before an administrative law judge ("ALJ") on January 31,

ORDER - 1

2013, at which plaintiff, represented by counsel, appeared and testified, as did two lay witnesses and a vocational expert. *See* AR 660-820.

In a decision dated July 15, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 15D-15Z. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on November 21, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 7; 20 C.F.R. § 404.981, § 416.1481. On January 23, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on April 10, 2015. *See* Dkt. 13. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in failing to follow the proper evaluation technique in finding plaintiff did not have a severe mental impairment; and (2) in failing to comply with the Commissioner's rulings in finding plaintiff to be non-compliant with recommended treatment. Plaintiff further argues that in light of these errors, the ALJ's residual functional capacity ("RFC") assessment and the hypothetical question he posed to the vocational expert at the hearing are unsupported by substantial evidence. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore finds that defendant's decision to deny benefits should be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

ORDER - 2

785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I. The ALJ's Determination of Non-Severity

Defendant employs a five-step "sequential evaluation process" to determine whether a

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen*, 80 F.3d at 1290.

The ALJ in this case found that while there were allegations of mental impairments, the objective evidence in the record did not support the existence of a medically determinable mental impairment. *See* AR 15P-15Q. Plaintiff argues that in so finding the ALJ erred by not following the proper prescribed technique for making that determination. The Court disagrees.

To evaluate the severity of a claimant's mental impairments at step two of the sequential disability evaluation process, the Commissioner must "follow a special technique at each level in

ORDER - 4

the administrative review process," including "[a]t the administrative law judge hearing" level. 20 C.F.R. § 404.1520a(a), (e) § 416.920a(a), (e). Under this technique, the Commissioner first determines whether the claimant has a medically determinable impairment. *See* 20 C.F.R. § 404.1520a(b)(1), § 416.920a(b)(1). If the claimant does have a medically determinable impairment, then the Commissioner must rate the "degree of functional limitation" resulting therefrom.[2] 20 C.F.R. § 404.1520a(b), § 416.920a(b).

At the initial and reconsideration levels of the administrative review process, "a standard document" is completed to record how the above special technique was applied. 20 C.F.R. § 404.1520a(e), § 416.920a(e). At the ALJ hearing level, documentation of the technique is done in the decision itself. *Id.* As plaintiff points out, the ALJ did not expressly document this technique in his decision even though, as noted above, he was required to do so. *See* AR 15N-15Q; *Keyser v. Commissioner Social Security Admin.*, 648 F.3d 721, 726 (9th Cir. 2011) (finding ALJ erred in part due to failure to document application of technique). Failure to document the technique by the ALJ, however, "does not require reversal in situations where there is no viable claim of mental impairment." *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000) (pointing out that documentation of special technique "would not necessarily be material to a disability claim based, for example, predominately on a shoulder injury, even if a claimant alleged a minor nonexertional impairment such as controllable alcohol abuse").

Documentation of the special technique, accordingly, is required only "where there is a colorable claim of mental impairment." *Gutierrez*, 199 F.3d at 1051; *see also Keyser*, 648 F.3d at

---

[2] Rating the degree of functional limitation involves consideration of four functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c), § 416.920a(c). If a claimant's degree of limitation in the first three areas is rated "none" or "mild" and "none" in the fourth area, then the claimant's mental impairment generally is considered not severe, unless evidence in the record otherwise indicates there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1), § 404.1520a(d)(1).

ORDER - 5

726 (ALJ's failure to comply with 20 C.F.R. § 404.1520a not harmless if claimant has colorable claim of mental impairment). Where a claimant fails to establish the existence of a medically determinable impairment, he or she also necessarily fails to establish a colorable claim of mental impairment. *See Coleman v. Colvin*, 524 F. Appx. 325, 326 (9th Cir. 2013).

A medically determinable mental impairment "must result from . . . psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques," and "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. § 404.1508, § 416.908; *see also* 20 C.F.R. § 404.1527a(b)(1), § 416.927a(b)(1); *Coleman*, 524 F. App'x at 326 (upholding determination of ALJ that claimant failed to establish medically determinable mental impairment, because she "failed to present any evidence of signs or laboratory findings establishing that [she] suffered from a mental impairment").

Plaintiff argues he has presented a colorable claim of mental impairment requiring the ALJ to apply the special technique, because that claim is not "wholly insubstantial, immaterial, or frivolous." Dkt. 17, p. 6 (citing *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (finding plaintiff's due process claim to be colorable as it raised "a serious constitutional challenge" and was "not insubstantial, immaterial, or frivolous")). Specifically, plaintiff points to the evaluation report of Cassandra Clark, Ph.D., who found him to have moderate to severe limitations in several areas of social functioning based on a number of mental health diagnoses (*see* AR 524-25), as well as that of Robert Parker, Ph.D., who also found plaintiff to be moderately to severely limited in terms of both cognitive and social functioning similarly based on a number of mental health diagnoses (*see* AR 432-33).

The ALJ found that with the exception of the diagnosis of malingering Dr. Clark offered,

ORDER - 6

there was no objective medical basis for the other diagnoses Dr. Clark and Dr. Parker made, but instead they were based on plaintiff's self-reported symptoms and subjective complaints, which the ALJ found lacked credibility. *See* AR 15P-15Q. An ALJ may reject a medical source's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d 595, 602 (9th Cir.1999)). Plaintiff does not argue the ALJ erred in finding he lacked credibility overall concerning those symptoms and complaints, but rather asserts the ALJ erred in finding Dr. Clark and Dr. Parker over-relied on his self-reporting.

It is true that "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the [claimant's] complaints where the [physician] does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Commissioner of Social Security*, 528 F.3d 1194 (9th Cir. 2008). Except for the observation that plaintiff had pressured speech, though, all of the other findings Dr. Clark reported either clearly were based on plaintiff's self-reporting or were susceptible to being manipulated by him. *See* AR 523-30; *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (stating that portions of physician's records where claimant's subjective complaints were noted "do not support a finding of impairment because they are based solely on [his] own 'perception or description' of his problems," and that positive Romberg test did not sufficiently bolster that claimant's claimed impairment because it was "susceptible to subject manipulation," as he could "control the extent of his unsteadiness"). The same is true with respect to the clinical findings reported by Dr. Parker. *See* AR 431-38.

This determination is bolstered by the clear evidence of malingering Dr. Clark observed on the part of plaintiff. *See* AR 525 (reporting that cognitive testing was "discontinued because

ORDER - 7

he was so blatantly malingering," resulting in "[n]o cognitive ratings" being given). In addition, although Dr. Clark noted that plaintiff's "lack of effort" occurred on the cognitive portion of the evaluation and specifically offered a diagnosis of malingering in regard thereto (AR 524, 526), she also expressly stated that such lack of effort on that portion of the evaluation "render[ed] the other areas [of the evaluation] suspect" as well (AR 526). This over reliance on plaintiff's own discredited self-reporting thus distinguishes it from *Keyser* and *Gutierrez*, where there was no indication that the same credibility issues were present. *See* 648 F.3d at 723-26; 199 F.3d at 1050-51.[3] Accordingly, the ALJ did not err in finding plaintiff had no medically determinable mental impairment without first applying the special technique, as plaintiff has not established the existence of a colorable claim of mental impairment.

II.     The ALJ's Finding of Non-compliance

The ALJ discounted plaintiff's credibility in part based on his failure to follow prescribed treatment for his uncontrolled hypertension. *See* AR 15S-15T. Failure to assert a good reason for not seeking, or following a prescribed course of, treatment "can cast doubt on the sincerity of the claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff argues the ALJ erred in so finding, because he did not comply with the requirements of Social Security Ruling ("SSR") 82-59, which provides that particular care should be taken to look into the reasons why a claimant is noncompliant – including re-contacting the claimant's treating sources – before making a finding of non-disability based on noncompliance. 1982 WL 31384, at *2-*3. But as pointed out by defendant, SSR 82-59 applies only where the claimant is first found to be disabled. *See* 1982 WL 31384, at *1 ("An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating

---

[3] The same is true with respect to the Ninth Circuit's decision in *Angevine v. Colvin*, 542 Fed. Appx. 589 (9th Cir. 2013), cited in plaintiff's reply brief.

ORDER - 8

source which . . . can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability.").

Plaintiff protests that such a reading of SSR 82-59 "sounds unduly technical." Dkt.21, p. 5. Be that as it may, this is what that ruling expressly provides. As such, the Court shall abide by its provisions. *See Chavez v. Department of Health and Human Services*, 103 F.3d 849, 851 (9th Cir. 1996) (noting that SSRs "constitute the Social Security Administration's interpretations of the statute it administers and of its own regulations," and that although they "are interpretative rulings and do not have the force of law," courts are to defer to them "unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations."). Given that plaintiff has not shown the requirements of SSR 82-59 are "plainly erroneous or inconsistent" with the Social Security Act, he has offered no basis for declining to apply them in this case.[4]

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 8th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[4] Plaintiff also appears to argue that the ALJ did not adequately take into consideration his claim of being unable to afford his blood pressure medication as a reason for not complying with recommended treatment in discounting his credibility. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) (benefits may not be denied because of failure to obtain treatment due to inability to afford it). Even if it can be said the ALJ erred in failing to do so, again as pointed out by defendant, the ALJ also offered other reasons for discounting plaintiff's credibility, including the evidence of malingering in the record, none of which plaintiff has challenged. *See* AR 15L-15Q.

ORDER - 9